IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARLON L. WATFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-00567-JPG |
| | ) | |
| OFFICER ELLIS, | ) | |
| BRAD BRAMLET, | ) | |
| TONYA KNUST, | ) | |
| LACY REAM, | ) | |
| OFFICER WOOLEY, | ) | |
| OFFICER NEW, | ) | |
| SERGEANT RICHARDS, | ) | |
| RICHARD HARRINGTON, | ) | |
| JENNY CLENDENIN, | ) | |
| KIMBERLY BUTLER, | ) | |
| JOHN DOE 1, and | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

     Plaintiff Marlon Watford is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Watford has filed a civil rights action pursuant to 42 U.S.C. § 1983 against several prison officials at Menard, as well as two John Doe individuals in the Illinois Department of Corrections administrative office. (*Id.* at 1.) Watford alleges that these prison officials violated his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, as well as his rights under the Religious Land Use and Institutionalized Persons Act. (*Id.* at 2-8.) Watford seeks "nominal damages, compensatory damages, punitive damages, and injunctive relief." (*Id.* at 9.)

This matter is now before the Court for a preliminary review of Watford's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Here, Watford's complaint fails to state a claim on which relief may be granted, as his complaint is largely conclusory, and his effort to add to the facts alleged in his complaint via a 105-page memorandum is improper.

For a plaintiff to state a claim under Federal Rule of Civil Procedure 8, he must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court is generally required to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, "adequate abstract recitations of the elements" of a case or "conclusory legal statements" are insufficient to put forth a claim that is plausible. *Id.* In the end, allegations that are "too vague" to lay out the "contours of [a] claim" will not do – a plaintiff must provide "some specific facts" to state a claim for relief. *See id*.

Even when the Court construes Watford's *pro se* complaint liberally, his petition is too weak on facts to state a claim. While Watford's complaint measures 11 pages, he lays out his four substantive claims in only four sentences; the rest of his claim-related allegations deal with

his effort to exhaust prison administrative remedies. Worse yet, the sentences that address his substantive claims are largely conclusory, offering little facts and a summary statement that the conduct alleged violated the United States Constitution or federal statutes. For example, concerning his Religious Land Use claim relating to baby powder, petroleum jelly, and hair grease, Watford says only that the prison has stopped selling these items and that his lack of access violates these statutes. But to state a Religious Land Use claim, a prisoner must allege facts tending to show that "that the prison has substantially burdened a religious belief." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Watford doesn't allege a substantial burden to his religious beliefs in his complaint, let alone any facts tending to show a burden. Such a lack of facts will not do under *Ashcroft v. Iqbal*, which requires enough "factual content" to allow the Court to draw the inference "that the defendant is liable." 556 U.S. at 678.

   Watford tries to solve this problem by telling the Court (and the defendants who will have to answer when they are served) to look to the memorandum of law attached to the complaint. He's right that the only way to add enough facts to tip his complaint into the realm of plausibility, as required by *Twombly* and *Iqbal*, is to incorporate the memorandum of law into the complaint. But this option poses a few problems. For one, complaints should stand on their own: they can refer to exhibits and other material, but the factual predicates for a claim must be put forth in the complaint so that a defendant can admit or deny them. Second, adding the entire memorandum of law to the complaint poses a separate Rule 8 problem. Rule 8 obligates litigants to file a "short and plain statement of the claim showing that the pleader is entitled to relief," an obligation that is designed to allow defendants to answer a complaint and the courts to guide a case to resolution. *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994). If the Court adds the memorandum to the complaint, the complaint not only grows

repetitive and confusing, but adds the kind of length that changes a trickle of facts to a gush. In other words, the complaint and the memorandum together would be prolix and needlessly long for a case like this one, and would therefore violate Rule 8. *See*, *e.g.*, *Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 508-09 (7th Cir. 2001) (a 116 page long prisoner complaint could have been dismissed under Rule 8, as it "would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading"); *Vicom*, 20 F.3d at 775-76 (suggesting that 119-page, "less-than-coherent" complaint violated Rule 8 and warranted dismissal); *Int'l Mktg., Ltd. v. Archer-Daniels-Midland Co., Inc.*, 192 F.3d 724, 733 (7th Cir. 1999) (complaint containing "40 pages of allegations and 29 attached exhibits" violated Rule 8).

So Watford's complaint alone is too sketchy on facts, and the addition of the material in the memorandum makes the complaint too lengthy. Given the Rule 8 problem, Watford's complaint is subject to dismissal. However, rather than dismiss the entire action, the Court will allow Watford an opportunity to correct the deficiencies via an amended complaint.[1] In drafting his amended complaint, Watford should avoid using conclusory statements of law and vague allegations of fact. Rather, Watford should follow the instructions on the Court's complaint form, which directs a plaintiff to state "when, where, how, and by whom" his rights were violated. To put forth an Eighth Amendment claim, a prisoner must lay out the inadequate conditions of confinement and allege how one or more of the named defendants were involved in those conditions. To put forth a First Amendment religious claim or a Religious Land Use claim, a prisoner must allege facts tending to show that a prison practice substantially burdens his exercise of religion and that one or more of the named defendants were involved in that practice. To put forth an equal protection claim, a prisoner must allege that a state actor discriminated

---

[1] Watford has been warned about filing these kinds of prolix, confusing, and lengthy pleadings in the past. *See Watford v. Quinn*, No. 14-cv-00571, 2014 WL 3252201, at *3 (S.D. Ill. July 8, 2014) (noting that Watford's complaint was "both unintelligible and disorganized").

against him because of his identification with a particular group. While Plaintiff may attach exhibits to his complaint, he may not refer to exhibits alone to satisfy his obligations; rather, he must include sufficient factual detail in his actual complaint so that defendants can respond.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this order (on or before July 21, 2015). The amended complaint shall identify the individual Defendant or Defendants responsible for the alleged unconstitutional actions and how those individuals were personally and directly involved in the alleged unconstitutional actions. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 16, 2015**

**s/ MICHAEL J. REAGAN**
**Chief Judge Michael J. Reagan**
**United States District Judge**