IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARLON L. WATFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:15-cv-00567-MJR |
| | ) | |
| OFFICER ELLIS, | ) | |
| BRAD BRAMLET, | ) | |
| TONYA KNUST, | ) | |
| LACY REAM, | ) | |
| OFFICER WOOLEY, | ) | |
| OFFICER NEW, | ) | |
| SERGEANT RICHARDS, | ) | |
| RICHARD HARRINGTON, | ) | |
| JENNY CLENDENIN, | ) | |
| KIMBERLY BUTLER, | ) | |
| JOHN DOE 1, and | ) | |
| JOHN DOE 2, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On May 14, 2015, Plaintiff Marlon Watford filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that various prison officials refused to provide him with baby powder, petroleum jelly, and cocoa nut hair grease; raised the photocopy fee and lowered the commissary spending limit; and refused him access to the library bathroom. Watford claims that these decisions violated his constitutional rights and his rights under the Religious Land Use and Institutionalized Persons Act. On June 16, 2015, the Court dismissed Watford's complaint on Rule 8 grounds, noting that the allegations put forth in the complaint to support these claims consisted of only four sentences in total. That was too little to render these claims plausible under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007), so the Court ordered Watford to file

an amended complaint with more facts to support his claims. The Court also flagged that Watford's 105-page memorandum attached to his complaint did not fix the problem; if the Court incorporated Watford's lengthy, repetitive, and often difficult-to-follow memorandum into his complaint, it would make it tough for the defendants to admit or deny the facts of the case, and it would render the complaint so long and confusing as to pose other Rule 8 problems.

The Court gave Watford thirty-five days to file an amended complaint. Watford filed a change of address shortly after the dismissal order was entered, so the Court resent the order to his new address and gave him more time to respond. On August 5, 2015, Watford filed a motion for extension of time to file an amended complaint, as well as a motion to "spread the record and object." (Docs. 9 & 10.) Both of those motions are presently before the Court.

The Court will deal with Watford's motion to "spread the record" first. (Doc. 10.) That motion takes issue with the Court's decision not to incorporate Watford's 105-page memorandum into his complaint, so the Court will construe it as a motion to reconsider the Court's screening order. The Court declined to incorporate Watford's memorandum for two separate reasons. The first was that there were few facts in Watford's complaint to support his claims, and his decision to place all of his facts in his lengthy and repetitive memorandum made it difficult for the defendants to admit or deny them. Watford rails against this ruling because the Court's complaint form states that plaintiffs may attach a "memorandum of law" to the complaint, but Watford takes that notation too far: the form says only that plaintiffs may attach a memorandum to put forth "legal arguments or citations." Plaintiffs still need to include facts supporting the when, where, how, and by whom of their claims in the complaint, so that opposing parties can admit or deny those facts. This basis for reconsideration must be denied.

The second reason the Court advanced for not incorporating Watford's memorandum into his bare-bones complaint was that Watford's memorandum was far too long and confusing; it clocked in at 105 pages of single-spaced text and was filled to the brim with repetitive statements and legal arguments.  If the Court pulled in all of that material into the complaint, it would turn a trickle of material into a gush, leaving the Court and the parties with the task of deciphering 117 pages of material for a complaint raising only four claims.  That is improper under Rule 8.  *See*, *e.g.*, *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings."); *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.").  Watford opposes this motion by saying that his memorandum was not *really* 105 pages, as he is forced to handwrite it, and his large handwriting suggests length where there is none.  This is wrong:  there is little difference between Watford's 105 single-spaced pages and a typewritten complaint's 60-70 double-spaced pages.  And either way, the memorandum, with its length, complexity, and citation to legal material, would not serve as a viable complaint.  Accordingly, this basis for reconsideration is also denied.  As the Court told Watford in the initial screening order, to fix this problem, Watford need only draft an amended complaint that puts forth facts concerning the "when, where, how, and by whom" his rights were violated.  Watford may attach a memorandum or exhibits to his complaint if he wishes, but his complaint needs to include the facts supporting his claims – he cannot refer to exhibits alone.

Watford has also filed a motion for extension of time, seeking ninety additional days to draft his amended complaint consistent with the Court's order.  (Doc. 9.)  To back up the need for such a lengthy extension, Watford says that he needs ninety more days due to his deadlines in

other cases, his lack of legal expertise, and the fact that he must draft the amended complaint by hand.  He also expresses some surprise at the Court's reticence to incorporate his lengthy memoranda into his original complaint, but that surprise is a bit dubious – Watford has been warned about filing lengthy and confusing filings in the past by this Court.  *See Watford v. Quinn*, No. 14-cv-00571, 2014 WL 3252201, at *3 (S.D. Ill. July 8, 2014) (noting that Watford's complaint was "both unintelligible and disorganized").  In any event, Watford admits that he has known of the Court's order since July 17, 2015, and he had the wherewithal to draft a lengthy memorandum of law to support his original complaint.  Accordingly, the Court believes that ninety days is too lengthy an extension.  Rather, forty-five days should be sufficient time for Watford to draft a First Amended Complaint concerning his claims in this action.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Watford's Motion to Spread the Record and to Object, which the Court has construed as a motion to reconsider its initial order dismissing Watford's complaint without prejudice (Doc. 10), is **DENIED**.

**IT IS FURTHER ORDERED** that Watford's Motion for an Extension of Time (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.  Watford **SHALL** submit his First Amended Complaint within forty-five days of the entry of this order (on or before September 28, 2015).

**IT IS SO ORDERED.**

DATED:  August 12, 2015

s/ MICHAEL J. REAGAN  
Chief Judge Michael J. Reagan  
United States District Judge