IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| MARLON L. WATFORD, #R15678, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-567-SCW |
| | ) | |
| JOHN BALDWIN and | ) | |
| JAQUELINE LASHBROOK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILLIAMS, Magistrate Judge:**

This matter is before the Court on Plaintiff's request for injunctive relief pursuant to the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff filed this action under 42 U.S.C. § 1983 and RLUIPA for alleged violations of his Eighth and First Amendment rights and RLUIPA while at Menard Correctional Center ("Menard"). After summary judgment, the only claims remaining in the case were the claims for injunctive relief based on Defendants' alleged denial of access to petroleum jelly by eliminating it as an item that could be purchased from the commissary beginning in the Fall of 2013. Defendants maintain that petroleum jelly was restricted from sale at the commissary because it could be used by inmates as a fire accelerant. Plaintiff, however, maintains that denial of access to petroleum jelly substantially burdens his religious practice of Islam by preventing him from properly cleansing and purifying is skin, a practice referred to as Wudu. Performing Wudu allows Plaintiff to properly present himself to

God with clean and radiant skin.

Important to this remaining claim, the defendants asserted at summary judgment that Plaintiff's RLUIPA claim regarding petroleum jelly was moot as it was undisputed that Menard was allowing inmates to purchase petroleum jelly at the commissary and had, in fact, done so for quite some time. Never the less, at the hearing on the motion for summary judgment, the Court found that there was an issue of fact concerning whether the controversy was moot. The Court had no information relating to the reason for again allowing petroleum to be sold at the commissary or the likelihood the restriction would be reinstituted. The matter was therefore set for a bench trial on Plaintiff's RLUIPA claim.

While it was not clear to the Court pretrial, at the bench trial it was not only undisputed that petroleum jelly was being sold at the commissary, but also that inmates were able to again purchase petroleum jelly well before suit was filed in this case. In fact, it was made available to inmates for purchase no later than September of 2014. The evidence suggests that this change was in response to widespread complaints by inmates.

The Court also heard testimony from Warden Lashbrook, who had no recollection of why petroleum jelly was returned as an item for sale at the commissary, and testified that she had not had any discussions regarding the possibility of again removing it from the items available for sale since becoming warden in January of 2017.

After taking evidence at the bench trial the Court took argument on the issue of mootness and ordered supplemental briefing. Plaintiff argues that the Defendants had the burden of proving the Plaintiff's claim was not moot under the "voluntary cessation"

doctrine, arguing that Defendants acts in returning petroleum jelly to the commissary constituted voluntary cessation of conduct that substantially burdened Plaintiff's practice of his religion in violation of RLUIPA. **(Doc. 85);** *see Friends of the Earth, Inc. v. Laidlaw Environ. Sers.,* **528 U.S. 167, 190 (2000);** *United States v. W.T. Grant,* **345 U.S. 629, 632–33 (1953)**. Defendants, on the other hand, argue that it is Plaintiff's burden to establish his claim is not moot, that the claim is moot regardless of where the burden of proof lies, and further, that Plaintiff's claim should be dismissed pursuant to principles of sovereign immunity and the limitations imposed by the Prison Litigation Reform Act (PLRA). **(Doc. 84);** *see, e.g.*, *Higgason v. Farley,* **83 F.3d 807 (7th Cir. 1996).**

As of the time of entry of the pretrial order, the Court might have identified an additional issue, related to the issue of mootness, which controls the disposition of this case. Unfortunately, the Court did not identify this issue until after the parties submitted their supplemental briefing. The issue in question is whether, at the time of filing, this case presented a justiciable controversy over which the Court could exercise subject matter jurisdiction relating to the requested injunction.

Here, Plaintiff argues that voluntary cessation of the Defendants' illegal activity *before* suit was even filed shifts the burden of proving mootness to the Defendants. But, as the Supreme Court has pointed out, such an application of the doctrine would make "a sword out of a shield." ***Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 109 (1998)**. The burden shifting referred to by Plaintiff "has been applied to refute the assertion of mootness by a defendant who, *when sued in a complaint that alleges present or*

3

*threatened injury*, ceases the complained of activity." *Id.* **(emphasis added)**. Accordingly, the "presumption" cannot serve "as a substitute for the allegation of present or threatened injury upon which initial standing must be based." *Id.* And "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *Id.* **(quoting** *O'Shea v. Littleton,* **414 U.S. 488, 495–96 (1974) (citing** *Renne v. Geary***, 501 U.S. 312, 320 (1991) ("[T]he mootness exception for disputes capable of repetition yet evading review . . . will not revive a dispute which became moot before the action commenced")));** *Tobin for Governor v. Illinois State Bd. of Elections,* **268 F.3d 517, 527 (7th Cir. 2001).**

While it may not have been clear at the time of the filing of the original complaint, it is abundantly clear now that Plaintiff's claim for injunctive relief was moot before the case was even filed in May of 2018. *See Diedrich v. Ocwen Loan Serv., LLC,* **839 F.3d 583, 588 (7th Cir. 2016) (The plaintiff has the burden of establishing these elements and must support each element "with the manner and degree of evidence required at the successive stages of the litigation.") (quoting** *Lujan v. Defenders of Wildlife,* **504 U.S. 555, 561 (1992)).** At trial, the Plaintiff was not able to develop any evidence of any intention, or threat, to revive the restriction preventing petroleum jelly from being sold in the commissary. This is not only true presently, more than three years after the restriction was lifted, but also at the time the restriction was lifted in September of 2014.

The record does contain evidence concerning the security concerns that prompted

4

the restriction on petroleum jelly in the first place—that it could be used as an accelerant. The parties that initially advised that the restriction be put in place provided deposition testimony that they still believed petroleum jelly to pose a security threat. The evidence also demonstrates, however, that after the restriction on petroleum jelly was put in place there was a widespread outcry from inmates at Menard, including Plaintiff. After, or during, that outcry—but before suit was filed in this case—the restriction was lifted. And the record is devoid of any evidence suggesting any intention to reinstitute the restriction at any time.

Because the claim for injunctive relief was moot before this case was filed, it does not present a case or controversy appropriate for the exercise of this Court's jurisdiction. The Plaintiff's claim for injunctive relief under RLUIPA is therefore **DISMISSED**.[1]

**IT IS SO ORDERED.**
DATED: December 12, 2018.   /s/ *Stephen C. Williams*
                            United States Magistrate Judge

---

[1] Even if the Court were to find that there was sufficient threat of injury to constitute a case or controversy at the time of filing suit, the Court would not shift the burden of proving mootness to the Defendants in light of the restrictions on injunctive relief in the PLRA and the fact that the voluntary cessation in this case still occurred pre-suit. The evidence here suggests that the restriction was lifted in response to widespread complaints by the inmate population and had nothing to do with filing of this suit.